TERRANCE L. STINNETT, ESQ. 046010
39150 Fremont Blvd, 3rd Floor
Fremont, CA 94538
Telephone: (510) 505-5335

Attorney for
Fremont Bank,
A Secured Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re ROCHELLE V. MONASTERIAL<br><br>Debtor. | Case No. 11-42266 RLE 13<br><br>Chapter 13<br><br>Date: July 19, 2011<br>Time: 1:30 P.M.<br>Judge: Hon. Roger L. Efremsky<br>Place: U.S. Bankruptcy Court<br>1300 Clay Street, Courtroom 201<br>Oakland, CA 94612 |

**OPPOSITION OF FREMONT BANK TO DEBTOR'S MOTION TO VALUE COLLATERAL OF FREMONT BANK AND AMENDED OBJECTION OF FREMONT BANK TO DEBTOR'S PROPOSED CHAPTER 13 PLAN**

### I.     INTRODUCTION

On March 2, 2011 Rochelle V. Monasterial, the above-named debtor (the "Debtor") filed her proposed Chapter 13 Plan (the "Plan"). In the Plan the Debtor provides that she intends to avoid the lien of the Bank's Third Deed of Trust against the residential real property commonly known as 1506 Fernside Blvd., Alameda, CA 94501 (the "Property"). On March 16, 2011 Fremont Bank (the "Bank") filed its objections to the Plan, wherein the Bank asserted that the value of the Property is approximately $612,000, and thus there is equity in excess of the senior liens for the benefit of the

1

OPPOSITION OF FREMONT BANK TO DEBTOR'S MOTION TO VALUE COLLATERAL OF FREMONT BANK AND AMENDED OBJECTION OF FREMONT BANK TO DEBTOR'S PROPOSED CHAPTER 13 PLAN

Case: 11-42266    Doc# 24    Filed: 06/15/11    Entered: 06/15/11 14:22:51    Page 1 of 4

lien of the Bank's Third Deed of Trust. Accordingly, the Debtor is not entitled to avoid the lien of the Bank's Third Deed of Trust. As discussed more fully hereinbelow, the Bank has obtained a more formal appraisal of the Property, which appraisal values the Property at approximately $525,000.

On June 1, 2011 the Debtor filed her Motion To Value Collateral of Fremont Bank wherein she asserts that the value of the Property is $430,000 and thus there is no equity for the benefit of the lien of the Bank's Third Deed of Trust.

The Bank is hereby amending its objections to confirmation of the Plan based upon the new appraisal and hereby also objects to the Debtor's motion to avoid the lien of the Bank's Third Deed of Trust, which motion is based upon the Debtor's opinion that the value of the Property is only $430,000.

In addition, in view of the recent appraisal obtained by the Bank, the Bank hereby withdraws that section of its objections to confirmation of the Plan that asserts that the Plan cannot be confirm because it was not filed in good faith.

## II.  FACTS

As discussed more fully in the Objection of Fremont Bank To Debtor's Proposed Chapter 13 Plan (the "Objection"), which objection was filed herein on March 16, 2011 as Docket No. 11, the basis of the Debtor's position is that (i) in her opinion the value of the Property is only $430,000, (ii) the liens senior to the lien of the Bank's Third Deed of Trust total approximately $447,232 and, therefore, there is no equity in the Property for the benefit of the Bank's lien, which totaled $124,938.32 as of the Petition Date herein.

As set forth in the Bank's Objection filed on March 16, 2011, the Bank initially asserted that the value of the Property is approximately $612,000.00 based upon a RealQuest Professional ValuePoint 4 Valuation (the "Valuation") dated as of March 15, 2011, a copy of which Valuation is attached as Exhibit "C" to the Objection. Based upon said value of $612,000 there was equity of

2

OPPOSITION OF FREMONT BANK TO DEBTOR'S MOTION TO VALUE COLLATERAL OF FREMONT BANK AND AMENDED OBJECTION OF FREMONT BANK TO DEBTOR'S PROPOSED CHAPTER 13 PLAN

Case: 11-42266   Doc# 24   Filed: 06/15/11   Entered: 06/15/11 14:22:51   Page 2 of 4

approximately $119,000 in equity over an above the senior liens and costs of sale for the benefit of the lien of the Bank's Third Deed of Trust.

Thereafter, the Bank determined that it would be appropriate to obtain a more formal appraisal of the Property. Accordingly, the Bank ordered a formal drive-by appraisal of the Property. As set forth in the Declaration of Patricia Mayon filed herewith she conducted such an appraisal on May 16, 2011, following which she concluded that the current fair market value of the Property is $525,000. A copy of Ms. Mayon's appraisal report dated as of May 16, 2011 is attached as Exhibit "A" to her declaration filed herewith.

The only support for her Motion To Value Collateral of Fremont Bank is the declaration by the Debtor where she merely states that based upon sales of comparable property in her neighborhood the value of the Property was $430,000 as of the Petition Date. There are no facts set forth in any of the documents filed by the Debtor that support such a conclusion.

### III. ARGUMENT

**A. THERE IS EQUITY FOR THE BENEFIT OF THE LIEN OF FREMONT BANK'S DEED OF TRUST, AND THEREFOR THE DEBTOR IS NOT ENTITLED TO AVOID THE LIEN OF THE BANK'S THIRD DEED OF TRUST**

The only credible evidence as to the fair market value of the Property is that of the appraisal conducted by Ms. Mayon. As set forth in said appraisal, the current fair market value of the Property is $525,000. Deducting from said sum of $525,000 the total amount of the senior liens of approximately $447,232.00 leaves the proceeds a sale of approximately $77,768. Deducting an additional $42,000 for costs of sale of 8.0% leaves the net proceeds of sale for the benefit of the Bank's Third Deed of Trust of approximately $35,760.

Accordingly, since there is clearly equity for the benefit of the lien of the Bank's Third Deed of Trust, the Debtor is not entitled to avoid the Bank's lien pursuant to 11 U.S.C. 506(a)(1)

3

OPPOSITION OF FREMONT BANK TO DEBTOR'S MOTION TO VALUE COLLATERAL OF FREMONT BANK AND AMENDED OBJECTION OF FREMONT BANK TO DEBTOR'S PROPOSED CHAPTER 13 PLAN

Case: 11-42266    Doc# 24    Filed: 06/15/11    Entered: 06/15/11 14:22:51    Page 3 of 4

## IV. CONCLUSION

Because there is equity in the Property for the Benefit of the lien of the Bank's Third Deed of Trust the Debtor is not entitled to the entry of an order avoiding the lien of said Third Deed of Trust. Because the Debtor is not entitled to avoid the lien of the Bank's Third Deed of Trust, the Debtor's Plan that provides for the avoidance of said lien and fails to provide for the payment of the obligation owed to the Bank as a fully secured claim cannot be confirmed by this Court.

WHEREFORE, THE BANK PRAYS AS FOLLOWS:

For entry of an order as follows:

1. Determining that the fair market value of the Property is approximately $525,000.

2. Denying the Debtor's motion to avoid the lien of the Bank's Third Deed of Trust.

3. Denying confirmation of the Debtor's Plan.

4. For other and further relief as to the Court determines is appropriate.

Dated: June 15, 2011

/s/ *Terrance L. Stinnett*
Terrance L. Stinnett
Attorney for Fremont Bank

4

OPPOSITION OF FREMONT BANK TO DEBTOR'S MOTION TO VALUE COLLATERAL OF FREMONT BANK AND AMENDED OBJECTION OF FREMONT BANK TO DEBTOR'S PROPOSED CHAPTER 13 PLAN

Case: 11-42266    Doc# 24    Filed: 06/15/11    Entered: 06/15/11 14:22:51    Page 4 of 4